┌─────────────────────────────────────────────────────────────┐
│              **NOT FOR PUBLICATION WITHOUT THE**              │
│             **APPROVAL OF THE APPELLATE DIVISION**            │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R. 1:36-3.    │
└─────────────────────────────────────────────────────────────┘

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4103-14T4

ALEX PEREZ and CATHY PEREZ,

    Plaintiffs-Appellants/
    Cross-Respondents,

v.

SUSAN ADLER, ESQ., and
SUSAN ADLER — ATTORNEY AT LAW,

    Defendants,

and

TESSER & COHEN, GARY STRONG,
ESQ., and STEPHEN WINKLES, ESQ.,

    Defendants-Respondents/
    Cross-Appellants,

and

PORCELLO ENGINEERING, INC.,
FRED PORCELLO, and GARY MOORE —
ATTORNEY AT LAW,

    Defendants-Respondents.

_____

Argued September 19, 2017 — Decided October 17, 2017

Before Judges Yannotti, Leone and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8488-11.

Nancy C. Ferro argued the cause for appellants (Ferro & Ferro, attorneys; Ivan Raevski, on the briefs).

Shaji M. Eapen argued the cause for respondents/cross-appellants Tesser & Cohen, Gary Strong, Esq., and Stephen Winkles, Esq. (Morgan Melhuish Abrutyn, attorneys; Mr. Eapen, on the brief).

Craig J. Compoli, Jr., and James P. McBarron argued the cause for respondents Porcello Engineering, Inc. and Fred Porcello (O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, and Hardin, Kundla, McKeon & Poletto, PC, attorneys; Mr. McBarron, on the brief).

Diana C. Manning argued the cause for respondents Gary Moore, Esq. and Gary Moore — Attorney at Law (Bressler, Amery & Ross, attorneys; Mark M. Tallmadge and Risa D. Rich, on the brief).

PER CURIAM

Plaintiffs Alex Perez and Cathy Perez appeal from various orders entered by the Law Division in this action, which granted summary judgment to defendants Porcello Engineering, Inc. and Fred Porcello (collectively, Porcello); Tesser & Cohen, Gary Strong, and Stephen Winkles (collectively, Tesser & Cohen), and Gary Moore, Esq. and Gary Moore — Attorney at Law (collectively, Gary Moore). Plaintiffs also appeal from an order entered on April 10, 2015, which denied their motion for reconsideration of the earlier

orders. Tesser & Cohen cross-appeal from part of the April 10, 2015 order. For the reasons that follow, we affirm the orders challenged by plaintiff and dismiss Tesser & Cohen's cross-appeal.

I.

In February 2007, plaintiffs filed an action in the Law Division against Professionally Green, LLC (Professionally Green), Swim-Well Pools, Inc. (Swim-Well), Weissman Engineering Co. (Weissman), VCA Sons, Inc., t/a Freedom Fence, Inc. (VCA), and certain individuals associated with these entities. Plaintiffs' claims arose from the installation of an in-ground swimming pool and related work at plaintiffs' residence in Franklin Lakes.

According to the complaint, plaintiffs retained Weissman to prepare engineering plans for the pool, and they hired the other defendants to install the pool and perform related work. In the initial complaint, plaintiffs asserted claims of misrepresentation under the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -204, breach of contract, breach of warranties, and negligence.

Attorney Susan Adler filed the complaint on plaintiffs' behalf. Adler represented plaintiffs for almost two years, but plaintiffs became dissatisfied with the manner in which she was handling the case. Plaintiffs discharged Adler, and in December 2008, Tesser & Cohen assumed responsibility for representing plaintiffs in the lawsuit.

At the suggestion of an attorney in the Tesser & Cohen firm, plaintiffs retained Porcello as their engineering expert. Porcello thereafter prepared an expert report, which identified certain defects in Weissman's engineering plans and the work performed by Swim-Well and the other defendants. Porcello estimated that the cost to repair and remediate the deficient work was $107,131.79. In the report, Porcello identified nineteen documents that he had relied upon in preparing the report, which included a survey prepared by Juan C. Almonte.

Based on the findings in Porcello's report, Tesser & Cohen filed a motion to amend the complaint to add additional claims under the CFA, specifically violations of certain regulations adopted pursuant to the CFA with regard to home improvement practices. See N.J.A.C. 13:45A-16.1 to -16.2. Among other things, plaintiffs claimed that Swim-Well and Professionally Green violated the regulations by failing to include starting and completion dates in their respective contracts. The trial court granted the motion.

In June 2009, Tesser & Cohen filed a motion on plaintiffs' behalf, seeking summary judgment on plaintiffs' CFA claims. Swim-Well filed a cross-motion for partial summary judgment. The trial court granted partial summary judgment in favor of plaintiffs and against Swim-Well and Professionally Green with regard to the

failure to include starting and completion dates in their respective contracts, but found that these were only technical violations of the CFA.

In addition, the court denied plaintiffs' motion for partial summary judgment on the issue of whether they had sustained an ascertainable loss under the CFA. The court determined that a jury should resolve this issue. In addition, the court granted Swim-Well's motion for partial summary judgment on other alleged regulatory violations.

Because plaintiffs had not paid all of their fees, Tesser & Cohen filed a motion to be relieved as their attorneys. In August 2009, the court granted the motion. Plaintiffs then retained Moore as their attorney. Plaintiffs' claims against all defendants other than Swim-Well and Weissman were resolved.

In October and November 2009, the court conducted a trial of plaintiffs' claims against Swim-Well and Weissman. At the close of plaintiffs' proofs, the judge granted Swim-Well's motion for involuntary dismissal of plaintiffs' CFA claims pursuant to Rule 4:37-2(b). The judge found that plaintiffs had not presented sufficient evidence to allow a jury to find that they sustained an ascertainable loss due to the failure to include starting and completion dates in the contracts.

At the conclusion of the evidentiary portion of the trial, plaintiffs' negligence claims against Swim-Well and Weissman were submitted to the jury, which returned a verdict of no cause of action on those claims. The trial court later denied plaintiffs' motion for attorney's fees under the CFA, finding that plaintiffs were not entitled to such fees because they had not sustained an ascertainable loss as a result of the regulatory violation.

Plaintiffs appealed from the denial of their motion for attorney's fees. We reversed the trial court's order, reinstated the claim, and remanded the matter to the trial court for further proceedings. Perez v. Professionally Green, LLC, No. A-2850-09 (App. Div. Oct. 13, 2011) (slip op. at 12).

The Supreme Court later granted Swim-Well's petition for certification, Perez v. Professionally Green, LLC, 209 N.J. 99 (2012), and reversed our judgment, Perez v. Professionally Green, LLC, 215 N.J. 388, 408 (2013). The Court held that plaintiffs could not recover attorney's fees under the CFA because they did not have a bona fide claim of an ascertainable loss. Ibid.

In October 2011, plaintiffs filed their initial complaint in this matter, naming Adler, Tesser & Cohen, and Porcello as defendants. In June 2013, plaintiff filed an amended complaint adding Moore as a defendant. In the amended complaint, plaintiffs asserted claims of negligence, professional malpractice, breach

of fiduciary duty, and breach of contract. Porcello filed a counterclaim against plaintiffs for breach of contract, seeking payment of its expert fees, costs, and interest.

In support of the claims against Tesser & Cohen and Moore, plaintiffs submitted an expert report dated April 1, 2014, from attorney Jeffrey E. Strauss.[1] Plaintiffs also submitted an expert report dated April 4, 2014, from architect Peter Wasem in support of their claims against Porcello.

In September 2014, Porcello filed a motion for summary judgment on plaintiffs' claims of professional negligence and its counterclaim. The judge heard oral argument on the motions and thereafter entered an order dated November 7, 2014, granting summary judgment in favor of Porcello on plaintiffs' claims because Wasem's report was an inadmissible net opinion. The judge also granted summary judgment to Porcello on its counterclaim.

Thereafter, Tesser & Cohen and Moore filed motions for summary judgment on the claims asserted against them. The judge heard oral argument and on January 28, 2015, entered orders granting the motions. The judge determined that Strauss's report on Tesser & Cohen's alleged legal negligence failed as a matter of law because

---

[1] In his report, Strauss stated that Adler did not deviate from any accepted standards of legal practice. It appears, therefore, that plaintiffs did not pursue their claims against Adler.

Strauss was not qualified to render an opinion on proximate cause and his opinion on that issue was based on Wasem's inadmissible net opinion. The judge also determined that Strauss's report was insufficient to support the legal malpractice claims against Moore.

Plaintiffs then filed a motion seeking reconsideration of the orders entered on November 7, 2014, and January 28, 2015. Tesser & Cohen filed a cross-motion seeking reconsideration of the court's January 28, 2015 order on the ground that the judge erred by finding that Strauss's report on the firm's alleged negligence was not a net opinion. The judge entered orders dated April 10, 2015, denying plaintiff's motion and Tesser & Cohen's cross-motion. Plaintiffs' appeal and Tesser & Cohen's cross-appeal followed.

## II.

We turn first to plaintiffs' contention that the trial court erred by granting summary judgment in favor of Porcello. We review the grant of summary judgment "in accordance with the same standard as the motion judge." Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Therefore, we must determine "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled

to a judgment as a matter of law." R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

In their complaint, plaintiffs alleged that in the report submitted in support of the claims in the underlying action, Porcello failed to prepare an "appropriate and complete record" and did not set forth the "full amount of damages" that plaintiffs had sustained due to the alleged negligence, breach of contract, and CFA violations of the named defendants. Plaintiffs alleged that if Porcello had prepared an appropriate expert report, they would not have settled any of their claims. They also alleged that they would have succeeded on their claims at trial.

In support of these allegations, plaintiffs relied upon Wasem's expert report. In that report, Wasem stated that Porcello had "omitted important facts that could lead an impartial jury to come to a different conclusion and award lesser damages to [plaintiffs], therefore leaving [plaintiffs] without the necessary resources to reverse the damages caused by defendants."

Wasem cited what he believed were deficiencies in the Porcello report. He wrote that Porcello had failed to: (1) point to a manufacturer's installation instruction, (2) cite the New Jersey Administrative Code section governing the practice of licensed engineers, (3) cite the New Jersey Department of Environmental Protection's "Best Practices Manual," (4) discover that a storm

9

water mitigation system was not required for the project, and (5) point out other deficiencies in the project and damages.

In granting summary judgment to Porcello, the motion judge determined that "Wasem's report constitutes his own personal view and is, thus, inadmissible as a net opinion." The judge noted that Wasem had not identified the standard of care applicable to the Porcello defendants as an engineering expert in the underlying action. Wasem also did not cite any sources even hinting at such a standard. The judge found that without expert testimony, plaintiffs' claims against Porcello failed as a matter of law.

On appeal, plaintiffs contend the judge erred in finding that Wasem's report was an inadmissible net opinion. Plaintiffs assert that Wasem is an expert with a degree in architecture and engineering design. According to plaintiffs, Wasem relied on statutes, rules, regulations, laws, treatises, and factual data in rendering the opinions in his report.

It is undisputed that plaintiffs required expert testimony to establish the standard of care applicable to their claims of professional malpractice against Porcello. Indeed, it is well established that in a negligence action, when a jury is not capable of providing the required standard of care, the plaintiff must present expert testimony on the subject. Davis v. Brickman

10

Landscaping, Ltd., 219 N.J. 395, 407 (2014) (citing Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996)).

Expert testimony must be provided by an individual who is qualified "by knowledge, skill, experience, training, or education" to offer a "scientific, technical, or . . . specialized" opinion that will assist the trier of fact "to understand the evidence or to determine a fact in issue[.]" N.J.R.E. 702. Furthermore, the opinion must be based on facts or data "reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject[.]" N.J.R.E. 703.

An expert must offer more than "a mere net opinion." Pomerantz Paper Corp. v. New Comm. Corp., 207 N.J. 344, 372 (2011) (citing Polzo v. Cnty. of Essex, 196 N.J. 569, 583 (2008); Buckelew v. Grossbard, 87 N.J. 512, 524 (1981)). "[A]n expert's bare opinion that has no support in factual evidence or similar data is a mere net opinion which is not admissible and may not be considered." Ibid. (citing Polzo, supra, 196 N.J. at 583; Buckelew, supra, 87 N.J. at 524). The expert must provide the "why and wherefore" that supports his or her opinion, "rather than a mere conclusion." Polzo, supra, 196 N.J. at 583 (quoting State v. Townsend, 186 N.J. 473, 494 (2006)).

An expert's opinion also must have objective support and the opinion may not be based on a standard that is personal. Pomerantz,

supra, 207 N.J. at 373 (citing Taylor v. DeLosso, 319 N.J. Super. 174, 180 (App. Div. 1999)). Thus, the expert must offer evidential support "establishing the existence of a standard of care, other than standards that [are] apparently personal to" the expert. Davis, supra, 219 N.J. at 413 (quoting Kaplan v. Skoloff & Wolfe, P.C., 339 N.J. Super. 97, 103 (App. Div. 2001)).

In this case, the motion judge correctly found that Wasem's report was an impermissible net opinion because he failed to identify the standard of care applicable to Porcello in his role as engineering expert in the underlying action. In his report, Wasem merely made his own assessment of damages, which he attributed to the alleged negligence and breach of contract of the defendants in the underlying action.

Wasem concluded that Porcello had understated the amount of damages by a factor of about two-and-one-half to three. He cited some source materials, such as a manufacturer's installation instructions, which Porcello should have referenced in his report. Wasem did not, however, identify any recognized standard of care applicable to the measure of damages by an engineering expert.

As such, Wasem's report merely represented a difference of opinion as to the calculation of plaintiff's damages, rather than a deviation from an accepted practice of engineering. Moreover, in his report, Wasem never asserted that Porcello's work in

connection with the underlying action fell below accepted standards, within a reasonable degree of professional certainty, or words to that effect.

We therefore conclude that the motion judge correctly determined that Wasem's report was an inadmissible net opinion. Because plaintiffs' claims against Porcello lacked the required expert support, the judge correctly decided that Porcello was entitled to judgment as a matter of law.

III.

Next, plaintiffs argue that the motion judge erred by granting summary judgment in favor of Tesser & Cohen. Therefore, we must determine whether the judge correctly determined that there was no genuine issue of material fact and Tesser & Cohen was entitled to judgment as a matter of law. R. 4:46-2(c); Brill, supra, 142 N.J. at 540.

Here, plaintiffs alleged that Tesser & Cohen was negligent in its handling of the underlying action. In support of their claims, plaintiffs submitted a legal malpractice report from Strauss, in which Strauss opined that:

> Tesser & Cohen failed to plead, disclose and protect the CFA claims that would have provided an opportunity [for plaintiffs] to obtain the attorney fees and treble damages from the CFA defendants and they failed to engage and retain an expert to analyze and opine on the CFA issues concerning lack of

permits, improper and absent written and signed change orders and improper slope/pitch of the landscaped deck.

Strauss stated that generally accepted legal standards required Tesser & Cohen to amend the pleadings in the underlying action to include all CFA claims against all defendants. In addition, Strauss stated that Tesser & Cohen failed to engage an expert to analyze and render opinions on the CFA issues, and that the firm was required to obtain "an informed and complete opinion, such as [the opinion] provided by" Wasem.

As we noted previously, the motion judge granted summary judgment to Tesser & Cohen. The judge found that Strauss had provided sufficient support for his opinion that the firm deviated from accepted standards of legal practice by failing to amend the complaint to include all CFA claims. The judge concluded, however, that the claims against Tesser & Cohen failed as a matter of law because Strauss's opinion on proximate cause was a net opinion.

On appeal, plaintiffs argue that the judge erred by dismissing their claims against Tesser & Cohen. Plaintiffs argue that Strauss did not rely solely upon Wasem's report. They contend Strauss based his report on his review of all of the records and files in the underlying matter. Thus, plaintiffs assert, Strauss' report has adequate factual support.

In a legal malpractice action, the plaintiff must establish: (1) the existence of an attorney-client relationship, which creates a duty of care that the attorney owes to the client; (2) breach of that duty; (3) the breach was a proximate cause of any damages; and (4) the damages sustained. Jerista v. Murray, 185 N.J. 175, 190-91 (2005) (citing McGrogan v. Till, 167 N.J. 414, 425 (2001)); Sommers v. McKinley, 287 N.J. Super. 1, 9-10 (App. Div. 1996).

Because the average juror does not know the duties that an attorney owes his or her client, in a legal malpractice action, expert testimony is required to define the duty owed and explain the breach. Id. at 10 (citing Butler v. Acme Markets Inc., 89 N.J. 270, 283 (1982)). Furthermore, when the issue of proximate cause is "beyond the 'common knowledge of lay persons,'" expert testimony is required to establish that the attorney's malpractice was a proximate cause of damage to the plaintiff. Froom v. Perel, 377 N.J. Super. 298, 318 (App. Div.) (quoting Kelly v. Berlin, 300 N.J. Super. 256, 265—66 (App. Div. 1997)), certif. denied, 185 N.J. 267 (2005).

Here, the motion judge correctly found that plaintiffs had not submitted sufficient competent evidence to establish that Tesser & Cohen's alleged negligence was a proximate cause of their alleged damages. As we have explained, an expert may not present

15

a "mere net opinion." Pomerantz, supra, 207 N.J. at 372. In his report, Strauss stated that Tesser & Cohen was negligent because the firm failed to retain an expert to analyze and opine on the CFA claims with regard to the alleged lack of permits, change orders, and slope/pitch of the landscaped deck. Strauss opined that Tesser & Cohen's negligence was a proximate cause of plaintiffs' damages.

In support of his opinion on proximate cause, Strauss relied upon Wasem's report, which was a net opinion, thereby also rendering Strauss' report an inadmissible net opinion. See Borough of Saddle River v. 66 East Allendale, LLC, 216 N.J. 115, 144-45 (2011) (noting that an appraiser's opinion was a net opinion because the appraiser relied upon the net opinion of another expert). Therefore, the motion judge correctly found that plaintiffs failed to present sufficient evidence to support their claims against Tesser & Cohen, and the firm was entitled to judgment as a matter of law.

In its cross-appeal, Tesser & Cohen argues that the judge erred by finding that Strauss had provided sufficient support for his opinion that the firm deviated from accepted standards of legal practice by failing to amend the complaint in the underlying action to assert all relevant CFA claims. The firm argues that the

judge erroneously found that by referencing his trial experience, Strauss had provided sufficient support to his opinion.

Because we have concluded that the judge correctly granted summary judgment to Tesser & Cohen, we need not address this alternative basis for affirming the trial court's order. We therefore dismiss the cross-appeal.

IV.

Plaintiffs also argue that the motion judge erred by granting Moore's summary judgment motion. Again, we must determine whether the motion judge correctly found that there was no genuine issue of material fact and Moore was entitled to judgment as a matter of law. R. 4:46-2(c); Brill, supra, 142 N.J. at 540.

Here, plaintiffs claimed that Moore was negligent in his handling of the trial in the underlying matter. In their amended complaint, plaintiffs alleged that Moore: (1) was not qualified to handle the matter; (2) never represented homeowners in a civil action against contractors; (3) did not adequately prepare for trial; (4) failed to prepare fact and expert witnesses to testify at trial; (5) was incompetent and unable to handle the underlying action; and (6) failed to exercise reasonable care, skill, and learning in representing them.

In his report, however, Strauss only opined that Moore departed from generally accepted standards of legal practice by

17

failing to call Almonte as a witness at the trial of the underlying case. According to Strauss, Almonte was a critical witness. The record shows that Moore called Porcello as a witness, and he relied upon Almonte's survey of plaintiffs' property. Strauss asserted that if Almonte had been called to testify, plaintiffs' claims against Swim-Well and Weissman would have succeeded.

The motion judge found that plaintiffs' claim against Moore was, in essence, a challenge to Moore's trial strategy and judgment. The judge determined that the claim failed because Moore's decision not to call Almonte as a witness was not "a breach of any identifiable standard of care." The judge therefore found that plaintiffs' claim against Moore failed as a matter of law, and granted Moore's motion for summary judgment.

On appeal, plaintiffs argue that Strauss's report and opinion provided sufficient support for their claim against Moore. They argue that Moore's decision not to call Almonte as a witness was legal malpractice, not valid trial strategy.

We are convinced that the motion judge erred by suggesting that Moore's decision not to call Almonte as a witness could not be challenged since it was apparently part of Moore's trial strategy. Nevertheless, we conclude that plaintiffs did not present sufficient evidence to show that Moore's decision to rely

upon Fred Porcello's testimony constituted a deviation from accepted legal standards.

At the trial of the underlying action, Porcello testified that he relied upon Almonte's survey, other documents, and his own observations in forming his opinions about the alleged negligent grading of the site and the construction of the pool and patio. Defendants moved to bar Porcello's testimony because it was based in part on Almonte's findings, which defendants argued were inadmissible hearsay.

The trial judge conducted a hearing pursuant to N.J.R.E. 104, and Porcello testified. The judge ruled that he would instruct the jury that Porcello's testimony about Almonte's survey, specifically, the measurements of the heights, bounds, and distances, was not independently admissible to prove those facts, but an expert could rely upon those facts in forming his opinions and conclusions. Thus, the record in the underlying action shows that the judge permitted Porcello to testify as to opinions he reached based on Almonte's survey.

Plaintiffs' argument that Moore deviated from accepted standards of legal practice by failing to call Almonte rests on the assumption that their claims would have been, as Strauss opined, "substantially enhanced" if Almonte had testified as to his own survey. However, Strauss's assertion that if Almonte had

testified, plaintiffs would have had a better chance of prevailing on their claims against Swim-Well and Weissman, is a "bald assertion," that "is equivalent to a net opinion." Kaplan, supra, 339 N.J. Super. at 102, 104 (quoting Taylor, supra, 319 N.J. Super. at 180).

As stated previously, a plaintiff asserting a legal malpractice claim must show that he or she suffered damages as a proximate cause of the attorney's breach of a duty of care. 2175 Lemoine Ave. Corp. v. Finco, Inc., 272 N.J. Super. 478, 487—88 (App. Div.), certif. denied, 137 N.J. 311 (1994). "Mere conjecture, surmise or suspicion" is not sufficient to establish proximate cause. Ibid. Plaintiffs' claim regarding Moore is based entirely on conjecture and speculation. We therefore conclude that the motion judge did not err by granting Moore's motion for summary judgment.

V.

Plaintiffs also argue the trial court's orders granting summary judgment to Porcello, Tesser & Cohen, and Moore deprived them of their fundamental constitutional right to a jury trial. They contend that the court's application of the net opinion rule wrongfully and unconstitutionally denied them of their fundamental right to a jury trial. We are convinced that this argument lacks sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

20

We note, however, that the constitutional right to a trial is not absolute, and a party's failure to present sufficient evidence warranting submission of a case to the jury is "the functional equivalent of a waiver of the right to have a jury decide the case." Brill, supra, 142 N.J. at 537 (citing Bussell v. DeWalt Prods. Corp., 259 N.J. Super. 499, 512 (App. Div.), certif. denied, 133 N.J. 431 (1993)). Therefore, the application of the Brill summary judgment standard does not "'denigrate the role of the jury.'" Ibid. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986)). Accordingly, we reject plaintiffs' contention that they were denied their constitutional right to a jury trial on their claims.

In addition, plaintiffs argue if the matter is remanded to the trial court, the case should be assigned to a different judge. In view of our decision affirming the trial court's orders granting summary judgment to defendants, this issue is moot.

The orders on appeal are affirmed, and the cross-appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION